IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GERALD WILMER, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Civil Action No. 16-372-RGA |
| | : |
| DAVID PIERCE, Warden, and | : |
| ATTORNEY GENERAL OF THE | : |
| STATE OF DELAWARE, | : |
| | : |
| Respondents. | : |

## **MEMORANDUM**

### I. BACKGROUND

Petitioner Gerald Wilmer has filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") challenging his 1997 conviction for first degree unlawful sexual intercourse. (D.I. 3 at 1) The District Court of Delaware has already denied habeas relief for this same conviction on one prior occasion, namely, when the Honorable Kent A. Jordan denied his first petition as time-barred in *Wilmer v. Carroll*, Civ. A. No. 03-1148-KAJ, Mem. Op. (D. Del. Dec. 8, 2005).

### II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition

has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

After reviewing the record, the Court concludes that he instant Petition is a second or successive habeas petition under 28 U.S.C. § 2244. The denial of Petitioner's first petition as time-barred constitutes an adjudication on the merits for the purposes of 28 U.S.C. § 2244(b), and the instant Petition asserts claims that either were or could have been asserted in Petitioner's first petition. *See Murray v. Greiner*, 394 F.3d 78, 80 (2d Cir. 2005); *Benchoff*, 404 F.3d at 817-18. In addition, Petitioner has not obtained authorization from the Third Circuit Court of Appeals to file this successive habeas request. *See* 28 U.S.C. §§ 2244(b)(2)(B) & (3). Therefore, the Court will dismiss the Petition for lack of jurisdiction. *See* Rule 4, 28 U.S.C. foll. § 2254; *Robinson*, 313 F.3d at 139.

## IV. PENDING MOTIONS

Petitioner also filed the following Motions: (1) Motion for Leave to Proceed *In Forma Pauperis* (D.I. 1); (2) Motion to Amend Petition (D.I. 6); (3) Motion to Appoint Counsel (D.I. 7); and (4) Motion for Evidentiary Hearing (D.I. 8). The Court will grant the Motion for Leave to Proceed *In Forma Pauperis* for the limited purpose of issuing this Memorandum and Order (D.I. 1). However, having concluded that it lacks jurisdiction over Petitioner's unauthorized second or successive petition, the Court will dismiss as moot Petitioner's other three Motions (D.I. 6; D.I. 7; D.I. 8).

## V.     CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant Petition for lack of jurisdiction. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: January 19, 2017

UNITED STATES DISTRICT JUDGE